UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CIOKEWICZ,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA ALLEN, et al.,<br><br>Defendants. | No.  2:15-cv-1460-GEB-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff James Ciokewicz, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

For the reasons discussed below, the court concludes that plaintiff's complaint fails to state a claim on which relief may be granted, and that further leave to amend would be futile.  As such, the court recommends that the action be dismissed without leave to amend and that plaintiff's application to proceed *in forma pauperis* be denied as moot.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the factual allegations as true, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 339 (9th Cir. 1996).

Here, plaintiff's complaint alleges that his former spouse, defendant Christina Allen, filed a petition for dissolution of their marriage in the Fifth District Court of Washington County in Utah on or about March 7, 2008. According to plaintiff, Allen had been stealing money out of their marital bank account throughout the marriage and also improperly sold marital property

while the divorce proceedings were ongoing.  After Allen purportedly obtained an order for plaintiff to vacate their marital home, plaintiff was forced to return to California.  Plaintiff claims that due to his disability, illness, and financial circumstances, he was unable to travel to Utah to attend the divorce proceedings, but the Utah state court nonetheless refused to accommodate plaintiff by allowing him to appear telephonically or via Skype, and/or by granting extensions for court hearings.  Allen also allegedly obtain perjured testimony from several witnesses in the Utah state court, and plaintiff asserts that the court abused its discretion in ultimately awarding virtually all of the marital property (including the marital home, 100% of certain California Public Employees' Retirement System ("CalPERS") retirement accounts, and all money in the couple's bank accounts) to Allen.  (See generally ECF No. 1.)

     Liberally construed, plaintiff's complaint purports to assert claims under the Americans with Disabilities Act ("ADA") and the Employee Retirement Income Security Act ("ERISA") against defendants Christina Allen, CalPERS, and the Fifth District Court of Washington County in Utah.  Plaintiff essentially seeks the following relief:  (1) an order requiring Allen to pay to plaintiff half of the assets that were awarded to Allen by the Utah state court; (2) an order requiring Allen to return money allegedly stolen from the joint bank accounts and that such money be included in the restitution to plaintiff; and (3) reimbursement from CalPERS for all retirement payments alleged to have been wrongfully paid to Allen, as well as current and future retirement payments to which plaintiff claims entitlement.   (ECF No. 1.)

     Plaintiff's claims in this action fail to state a claim, because they plainly amount to a forbidden de facto appeal of a state court decision.  Skinner v. Switzer, 562 U.S. 521, 531 (2011) (explaining that the Rooker-Feldman doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment).  Plaintiff alleges numerous errors and violations of his rights during the Utah divorce proceedings, and essentially requests this court to review and reject that judgment by ordering that the marital assets be distributed differently than what was awarded by the Utah state court.  That this court cannot do.  It may be that plaintiff was treated unfairly in the course of the Utah divorce proceedings, a question on which this court

1 expresses no opinion. However, the proper recourse for any error would be an appeal to the
2 appropriate Utah state appellate court, during which plaintiff may attempt to raise any alleged
3 violation of his state or federal rights during the divorce proceedings.

4 Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, because
5 the record shows that plaintiff would be unable to cure the above-mentioned deficiencies through
6 further amendment of the complaint, the court concludes that granting leave to amend in this case
7 would be futile.

8 Accordingly, IT IS HEREBY RECOMMENDED that:

9 1. The action be dismissed without leave to amend.

10 2. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be denied as moot.

11 3. The Clerk of Court be directed to close this case.

12 In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading,
13 discovery, and motion practice in this action are stayed pending resolution of these findings and
14 recommendations. <u>Other than objections to the findings and recommendations or non-frivolous
15 motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions
16 until the findings and recommendations are resolved.

17 These findings and recommendations are submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)
19 days after being served with these findings and recommendations, any party may file written
20 objections with the court and serve a copy on all parties. Such a document should be captioned
21 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
22 shall be served on all parties and filed with the court within fourteen (14) days after service of the
23 objections. The parties are advised that failure to file objections within the specified time may
24 waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th
25 Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

26 IT IS SO ORDERED AND RECOMMENDED.

27 Dated: August 24, 2015

28

4

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE